*First Judicial District.*

# In the Court of Common Pleas of Philadelphia.

## CASE OF GEORGE WIDMIER, an Insolvent Debtor.

1. An insolvent debtor will be discharged, although it is opposed because he was :arrested on process on a judgment in an action for *actual* force, if the court by going be-'hind the judgment ascertain that the cause of action was *not* founded on actual force.

2. If an insolvent petitioner omits to return a debt due to him from an honest con-·viction of its worthlessness. it will not defeat the petition.

Opinion delivered October 18, 1873, by

Allison, P. J. The petitioner, George Widmier, prays to be dis--charged as an insolvent debtor. This is opposed on the ground that he was arrested on process founded on a judgment against him, in an action for *actual* force. The affidavit to hold to bail, and the declaration found-·ed thereon, charged, that defendant did break and enter the stable and ·close of the plaintiff, and then without the leave, and against the will of ·defendant, one mare of the value of $200 seized and carried away. If the :force mentioned in the affidavit was *actual* force, the defendant cannot be discharged until he has been in actual confinement for at least sixty days; this is required by the 17th section of the act of 16th June, 1836, relating. ·to insolvent debtors. In Ex parte Southerland, 17 Amer. L. R. 39, it ·was held, that the court will look behind the judgment, to ascertain the :real cause of the action, in order to determine the question of the right ·of a petitioner to a discharge. This must be so ; otherwise it would be in the power of the pleader to determine the question, by the statement of the .affidavits and narr. In this case force is charged, but the question remains was it actual force. To enter the close of another· without permission, ·constitutes trespass, and to open a fastening of a close, if it be no more than to lift a latch, or to let down bars, amounts in law to an unlawful ·breaking with force, &c. But this is not actual but technical force, and

does not fall within the restriction upon the right to a discharge covered by the act. The distinction between actual and constructive force is clearly recognized in the law ; as in forcible entry and detainer ; the force must be such as to put one standing in defence of possession, in fear of personal injury; and the force to invalidate a marriage must amount to *duress per minas :* Stevenson *v.* Stevenson, 7 Philadelphia Reports, 386. The same rule of construction was applied to the words "actual fraud," which, in the act of 1836, are coupled with the words actual force, in re Thomas H. Craig, 2 Philadelphia Reports, 391, where the judgment was in an action founded upon a breach of promise of marriage.

The examination of the petitioner by the judgment creditor, who opposes the discharge, shows the force to have been technical, and not actual, and this established, the objection falls out of the case.

There is more force in the objection, that the conduct of the petitioner gives rise to a presumption of fraud, having stated in his petition that he has no property of any kind except his personal clothing. He admitted in his answers at bar, that he has claims against several persons, one amounting to over $500, and that after filing his petition he brought suit before an alderman, against Brotz, who opposes the discharge, to recover ninety dollars, for money loaned. All the claims except that against Brotz, he says, are worthless, because of the insolvency of the persons indebted to him. And this did not seem to be disputed by the opposing creditor. In the case of William Oliver, 1 Ashmead, 112, Judge King held, that where a petitioner omits to return a debt due to him, from an honest conviction of the worthlessness of the claim, which rendered its return useless, it will not defeat the petition. The property not returned in Oliver's case, amounted to over $20,000, but because it was without value, and fraud was not made to appear, the petitioner was discharged. In the suit brought against Brotz, who contests the validity of the claim, there is no just ground for an inference of fraudulent concealment of property ; the bringing of the suit of itself answers the charge of concealment; it was the most direct notice to Brotz, and constructively to all creditors ; if established it could not pass to the petitioner, but to his assignee for the benefit of creditors. In Oliver's case, Judge King says : Fraudulent concealment of his property by an insolvent, is a most heinous crime, and like all other crimes, its actual and positive commission must be brought home to the party charged ; and that an omission to spread upon the petition all the lights which a creditor may fairly demand, in the absence of a fraudulent design, cannot subject a suitor to the perils of a penitentiary. A fraudulent intent is not, I think, established against the petitioner in the case under consideration ; it is therefore ordered that the petition be amended by inserting a list of his claims against those alleged to be indebted to the petitioner, and upon this being done, that he be discharged. *George H. Earle,* Esq., for petitioner; *S. N. Rich,* Esq., contra.